UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CRAIG MASON,<br><br>　　　　　Defendant. | No. 2:16-CR-0002 KJM<br><br><br>ORDER |

The government has filed a two-count indictment against defendant Craig Mason. Indictment, ECF No. 11. Defendant moves to dismiss Count One, which charges him with unlawfully manufacturing and dealing firearms in violation of 18 U.S.C. § 922(a)(1)(A). Mot., ECF No. 52. Defendant argues 18 U.S.C. § 922(a)(1)(A) is unconstitutionally vague as applied to him, which violates the Fifth Amendment's Due Process Clause. Mot. at 6-7. He argues further that the illegality of his indicted acts was unclear when he committed them in 2013, which violates the Constitution's *ex post facto* clause. Mot. at 10-11 (invoking U.S. Const. art. 1 § 9). The government opposes, contending the dismissal motion improperly seeks to evaluate evidence beyond the four corners of the Indictment. ECF No. 53. The court heard the motion on November 15, 2017, and denied it from the bench, without prejudice. ECF No 59. This order explains the denial in more detail.

/////

I. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A motion to dismiss the indictment "cannot be used as a device for a summary trial of the evidence," and the court "should not consider evidence not appearing on the face of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment.") (citations and internal quotation marks omitted); *see also United States v. Sampson*, 371 U.S. 75, 78-79 (1962) ("Of course, none of these charges have been established by evidence, but at this stage of the proceedings the indictment must be tested by its sufficiency to charge an offense.").

II. ANALYSIS

Defendant moves to dismiss Count One, arguing § 922(a)(1)(A) is unconstitutionally vague as applied to him. Mot. at 3. He also points to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") 2015-1 interpretive ruling as ATF's "concession" that its previous 2010 interpretive ruling was vague as to whether defendant's conduct in 2013 required a license, in support of his argument based on the *ex post facto* clause. Mot. at 13, 15. The government opposes, contending defendant's motion is "premature." Opp'n at 8. "[B]ecause the evidence of the defendant's actual conduct cannot be presented until trial, the defendant's motion predicated on a self-serving characterization is inappropriate at this juncture." *Id.* As explained below, the court agrees.

A. Vagueness Challenge

An as-applied vagueness challenge requires the court to apply the particular facts of the case. *United States v. Mazurie*, 419 U.S. 544, 550 (1975) ("[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.") (citation omitted). When reviewing pretrial dismissal motions, courts are bound to the four corners of the indictment. *See Boren*, 278 F.3d at 914.

2

Plaintiff has not argued § 922(a)(1)(A) is unconstitutionally vague as applied to the facts charged in the Indictment. The Indictment charges that defendant, "not being a licensed manufacturer and dealer of firearms as described [in 18 U.S.C. § 922] did willfully engage in the business of manufacturing and dealing in firearms." Indictment at 1. Plaintiff contends he did not manufacture and deal firearms; he merely "rented" tools and equipment necessary to convert "two blanks into completed receivers." Mot. at 6. He then argues § 922(a)(1)(A) is arbitrary and vague because it criminalizes the mere renting of equipment. *Id.* at 11.

Because the court is bound to the four corners of the Indictment and plaintiff has not argued § 922(a)(1)(A) is unconstitutionally vague as applied to the Indictment's characterization of his conduct, defendant's vagueness argument is unavailing. *See United States v. Rodriguez-DeHaro*, 192 F. Supp. 2d 1031, 1039 (E.D. Cal. 2002) (denying motion to dismiss indictment on grounds of unconstitutional vagueness because court found statute at issue not unconstitutionally vague as applied to the facts alleged in indictment). Defendant asks the court to consider materials beyond the Indictment, yet doing so would essentially and impermissibly convert defendant's pre-trial as-applied vagueness challenge into a pre-trial sufficiency of the evidence claim. *Sampson*, 371 U.S. at 78-79; *Boren*, 278 F.3d at 914. Defendant cites no authority to the contrary. *See* Reply, ECF No. 54, at 5.

Because § 922(a)(1)(A) is not unconstitutionally vague as applied to the facts charged in the Indictment, the court at this stage DENIES defendant's motion to dismiss the Indictment on vagueness grounds.

B. *Ex Post Facto* Clause

Defendant's *ex post facto* argument also depends on defendant's unproved assertion that he was "renting equipment." He contends the ATF 2015-1 interpretive ruling acknowledges that its previous interpretive rulings had been unclear as to whether such conduct required a license. Mot. at 11. Again, at this stage, the court is bound by the Indictment's characterization of defendant's conduct as "unlawful manufacturing and dealing." Indictment at 1. Defendant's *ex post facto* argument cannot succeed in knocking out the conduct he is charged with committing. Should the evidence at trial support defendant's characterization of his conduct

as "renting equipment," he may renew his *ex post facto* clause argument at that time.

III.     CONCLUSION

As explained above, the court DENIES defendant's motion to dismiss, without prejudice.

IT IS SO ORDERED.

This resolves ECF No. 52.

DATED: November 30, 2017.

_____
UNITED STATES DISTRICT JUDGE