LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, California 95814
(916) 504-3933
toddleras@gmail.com
Attorney for Defendant
CRAIG MASON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CRAIG MASON,<br><br>　　　　Defendant. | Case No.: 2:16-cr-002 KJM<br><br>STIPULATION AND ORDER REGARDING CORRECTION OF FINAL PRE-SENTENCE INVESTIGATION REPORT<br><br>Date: October 21, 2019<br>Time: 9:00 a.m.<br>Court: Hon. Kimberly J. Mueller |

   Plaintiff United States of America by and through Assistant United States Attorney Justin Lee, and Attorney Todd Leras on behalf of Defendant Craig Mason, stipulate as follows:

   1. This matter was set for a Sentencing Hearing on September 30, 2019.  The case resolved, on March 8, 2019, pursuant to a written plea agreement.  Mr. Mason entered a guilty plea to Count One of the Superseding Indictment, a violation of 18 U.S.C. §

ORDER CONTINUING STATUS CONFERENCE

922 (a)(1)(A) – Unlawful Manufacturing or Dealing in Firearms.

2. The Court, on its own motion, continued the Sentencing Hearing to October 21, 2019. The Court further directed the parties to meet and confer to address unresolved matters regarding the advisory guideline range in the final Presentence Investigation Report ("PSR"). Specifically, the parties disagreed regarding the potential application of U.S.S.G. §2K2.1(b)(5) (enhancement for firearm trafficking) and U.S.S.G. §2K2.1(b)(6) (enhancement for possession of a firearm during another felony offense). It further directed the parties to meet and confer regarding submitting for the Court's review portions of a surreptitious videotape bearing on the unresolved questions. The videotape depicted Mr. Mason's meeting with a confidential informant ("CI") on April 25, 2013. The Court set a briefing schedule as to the limited issues raised during the September 30 hearing.

3. The parties met and conferred on October 4, 2019. They agreed to the following:

   a) As to the firearm trafficking enhancement in U.S.S.G. §2K2.1(b)(5), the parties agree that there is sufficient evidence to support a 4-level enhancement. Application Note 13 provides that the firearm trafficking enhancement requires the intentional transfer of two or more firearms to another person and that the transferor knew or had reason to believe the transferees' possession would be unlawful. The parties agree that on the videotape the CI tells Mr. Mason that the CI just got out of the penitentiary after serving nine years. Regardless of the truth of the CI's statement, it is sufficient to satisfy the "reason to believe" requirement that the transferee is a prohibited possessor as set out in Application Note 13A(ii)

to U.S.S.G. §2K2.1(b)(5).

    b) As to the possession of a firearm to facilitate another felony offense, the parties agree that there is insufficient evidence to support the enhancement under U.S.S.G. §2K2.1(b)(6). Application Note 14(C) provides in relevant part that "another felony offense" means any federal, state, or local offense, other than the … [charged] firearms trafficking offense …" The surreptitious tape documenting the interaction between Mr. Mason and the CI occurred on April 25, 2013. The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") executed a search warrant at Mr. Mason's home nearly six months later on October 10, 2013. During execution of the search warrant, ATF agents discovered a marijuana cultivation operation claimed by a third party. The parties agree that there is no evidence on the surreptitious tape or in the CI's interaction with Mr. Mason to support the conclusion that possession of any gun on his property facilitated the marijuana cultivation operation discovered nearly six months later. The parties further agree that there is insufficient evidence to satisfy the requirement in Application Note 14(A) that possession of a gun facilitated the marijuana cultivation operation.

4. The parties stipulate, based on their agreement as to the matters set forth in the previous paragraph, that paragraph 19 of the PSR be amended as follows: "The defendant intentionally transferred two firearms to the confidential informant on April 25, 2013. The confidential informant told the defendant that he had been imprisoned in the penitentiary for nine years. This statement gave the defendant

reason to believe that transfer of a firearm to the confidential informant would be unlawful. Accordingly, a four-level enhancement is warranted under U.S.S.G. §2K2.1(b)(5)."

5. The agreement of the parties regarding the matters set forth in the previous two paragraphs results in the substitution of one four-level enhancement in the place of another. It therefore does not impact the total offense level calculated in the PSR. The parties agree that the PSR as amended reflects the correct advisory guideline range.

6. In light of this stipulation, the parties request to vacate the supplemental briefing schedule.

Assistant U.S. Attorney Justin Lee has reviewed this stipulation and proposed order and authorized Todd Leras via email to sign it on his behalf.

DATED: October 7, 2019

By */s/ Todd D. Leras for*
JUSTIN LEE
Assistant United States Attorney

DATED: October 7, 2019

By */s/ Todd D. Leras*
TODD D. LERAS
Attorney for Defendant
CRAIG MASON

ORDER CONTINUING STATUS CONFERENCE

# ORDER

BASED ON THE REPRESENTATIONS AND STIPULATION OF THE PARTIES, it is hereby ordered that paragraph 19 of the Presentence Investigation Report be amended consistent with the language proposed by the parties. The supplemental briefing schedule is vacated. The Sentencing Hearing, set for October 21, 2019, at 9:00 a.m., is confirmed.

IT IS SO ORDERED.

DATED: October 10, 2019.

_____
UNITED STATES DISTRICT JUDGE

ORDER CONTINUING STATUS CONFERENCE