LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, California 95814
(916) 504-3933
toddleras@gmail.com
Attorney for Defendant
CRAIG MASON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CRAIG MASON,<br><br>　　　　Defendant. | Case No.: 2:16-cr-002 KJM<br><br>DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA AND PROCEED TO JURY TRIAL<br><br>Date:　March 30, 2020<br>Time:　9:00 a.m.<br>Judge:　Hon. Kimberly J. Mueller |

　　　Defendant Craig Mason moves pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B) that this Court permit him to withdraw his guilty plea to Count One of the

DEFENDANT'S MOTION
TO WITHDRAW
GUILTY PLEA

Superseding Indictment[1]. Count One charges Mr. Mason with violating 18 U.S.C. § 922(a)(1)(A) – Manufacturing and Dealing in Firearms Without a Federal Firearms License. There are fair and just reasons set out in this brief for the Court to exercise its discretion and allow Mr. Mason to withdraw his guilty plea.

Mr. Mason filed a pre-trial Motion to Dismiss (ECF Entry 52 – hereafter referred to as "the Dismissal Motion") on August 16, 2017. The Dismissal Motion challenged Count One of the original Indictment on the ground, among other listed reasons, that application of Section 922[2] constituted an unconstitutional violation of Due Process by denying Mr. Mason fair notice of the prohibited conduct. Specifically, Mr. Mason asserted that the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) improperly sought to ban payments of any sort to an unlicensed person for work, equipment rental, or instruction that contributed to conversion of a piece of metal known as a blank into a partially or fully milled AR 15 lower receiver. ATF issued a Bulletin in 2015, discussed at length in the Dismissal Motion, seeking to allow only federal firearms licensees to mill a blank beyond the point where it comprised greater than 80% of the work needed to become a completed lower receiver.

The government opposed Mr. Mason's Dismissal Motion on both procedural and

---

[1] Mr. Mason entered a guilty plea to Count One of the Superseding Indictment pursuant to a written plea agreement. (ECF Entry 100). Count Two charged Mr. Mason with manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). The express terms of the Plea Agreement required the government to dismiss the marijuana manufacturing charge at the time of sentencing. The factual basis for the plea, attached to the Plea Agreement, contains no facts supporting Mr. Mason's involvement in the marijuana cultivation charge. Mr. Mason has consistently maintained his innocence as to Count Two. The government has been aware of the identity of an individual (M.M.) who has claimed responsibility for the marijuana cultivation operation since the time of its discovery on October 9, 2013.

[2] All future references to 18 U.S.C. § 922 are referred to in this Brief as "Section 922."

DEFENDANT'S MOTION
TO WITHDRAW
GUILTY PLEA

substantive grounds (ECF Entry 53 – hereafter referred to as "the Opposition Brief"). The Opposition Brief, however, failed to disclose the existence of authority supporting Mr. Mason's position as detailed below. That adverse authority included a concession by then-Attorney General Loretta Lynch acknowledging the merit of the same issues raised in Mr. Mason's Dismissal Motion. Subsequent case law developments occurring between the time of Mr. Mason's change of plea and his scheduled sentencing hearing further support the position set out in Mr. Mason's Dismissal Motion. Moreover, the government's conduct in Section 922 cases raising similar vagueness challenges demonstrates that the United States is not prepared to defend an adverse ruling on appeal. To date the government has either abandoned appeal and prosecution, or offered resolution on generous terms, in cases where similar challenges to those set out in Mr. Mason's Dismissal Motion have been heard. Had the government disclosed these matters, Mr. Mason would not have elected to resolve his case by negotiated disposition. Mr. Mason therefore wishes to proceed to trial as to both charged offenses listed in the Superseding Indictment.

## I.    PROCEDURAL BACKGROUND

The relevant background of the investigation and arrest in this case is summarized in Section II at pages 3 through 5 of Mr. Mason's Dismissal Motion. For the purpose of economy, Mr. Mason incorporates that summary by reference into this brief. Following the Court's denial of Mr. Mason's Dismissal Motion without prejudice (ECF Entry 59), the grand jury returned a Superseding Indictment (ECF Entry 62). The primary substantive change between the original Indictment and Superseding Indictment related to Count One - the Section 922 charge. The Superseding Indictment expands the date of the offense as to that count from a single day – April 25, 2013, to a date range covering a period from an unspecified date in 2011 to October 9, 2013.

DEFENDANT'S MOTION
TO WITHDRAW
GUILTY PLEA

The latter date corresponds with the date ATF executed search warrants at Mr. Mason's shop and home.

Despite the expansion of the offense date, the government continued to rely, in part[3], on the theory that Mr. Mason violated Section 922 by machining or instructing other persons how to machine AR 15 blanks. This is precisely the conduct challenged in the Dismissal Motion.

Legal developments at the time the government filed its Opposition Brief, some of which occurred before the change in plea hearing but did not come to light until after Mr. Mason changed his plea, cast serious doubt on the fairness and justness of the plea agreement. Moreover, subsequent rulings on the same issue have consistently revealed that the government's theory regarding conversion of AR 15 blanks into completed firearms is unconstitutionally flawed.

## II.   APPLICABLE LAW AND BASIS FOR WITHDRAWAL OF PLEA

The basis for withdrawal of a guilty plea is set out in Federal Rule of Criminal Procedure 11(d)(2)(B). The Rule "directs a district court to permit a defendant to withdraw a guilty plea

---

[3] The factual basis attached to Mr. Mason's Plea Agreement expressly reveals that the government continues to assert that machining a blank past the 80% completion point converts the metal into a firearm. For the reasons discussed in Mr. Mason's Dismissal Motion and this brief, that is a dubious legal position. The government sought in this case to bury the weakness of its position by claiming that on some occasions Mr. Mason machined blanks and on other occasions he assembled completed and operational AR 15 rifles. The latter conduct clearly falls in the prohibition of Section 922. However, claims that Mr. Mason engaged in conduct beyond simply milling or instructing others in how to mill blanks comes exclusively from cooperating defendants or confidential sources. None of it appears to be corroborated by recordings. Such testimony is to be viewed with distrust. *United States v. Meinster,* 619 F.2d 1041, 1045 (4th Cir. 1980); Ninth Circuit Model Instruction 3.9 (2010 edition) (Listing factors for jury to consider in evaluating testimony, including the bias or interest of a witness in the outcome of the case).

DEFENDANT'S MOTION
TO WITHDRAW
GUILTY PLEA

before sentencing if the defendant comes forward with any fair and just reason for doing so." *United States v. Ortega-Ascanio*, 376 F. 3d 879, 887 (9th Cir. 2004) (change in legal authority casting doubt on legal theory supporting prosecution is sufficient ground for withdrawal of guilty plea). Although a defendant may not withdraw a guilty plea "simply on a lark," the fair and just reason standard "is generous and must be liberally applied." *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008).

The timing of a motion to withdraw a guilty plea is significant. Before sentencing a defendant "need not prove that his plea was invalid" to satisfy the fair and just reason standard. *Ortega-Ascanio*, 376 F.3d at 884. Rather, a more liberal standard applies, permitting withdrawal of the plea on grounds including "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id*. at 883 (*citing United States v. Turner*, 898 F.2d 704, 713 (9th Cir. 1990)). If a defendant demonstrates one of these grounds, withdrawal of a plea should be "freely allowed." *United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009).

Mr. Mason moves to withdraw his plea before sentencing. He sets forth below the fair and just reasons supporting his withdrawal of plea.

The government's Opposition Brief to the Dismissal Motion set out a vigorous and full-throated rejection of Mr. Mason's arguments. Several events have occurred regarding changes in case law since the time between Mr. Mason's change of plea. One of these events occurred before the change of plea, but the Department of Justice's position about that event (the *Jimenez* ruling discussed immediately below) only became a matter of public knowledge in the aftermath of Mr. Mason's change of plea. These combined events support fair and just grounds for allowing Mr.

DEFENDANT'S MOTION
TO WITHDRAW
GUILTY PLEA

Mason to withdraw his guilty plea and proceed to jury trial.

   **a)   The *Jimenez* Ruling**

A Section 922 prosecution in the Northern District of California against Alejandro Jimenez occurred virtually simultaneously to the initiation of this case. A grand jury returned an Indictment against Alejandro Jimenez for possessing an AR 15 blank in violation of Section 922(o) and a related violation of the National Firearms Act, 28 U.S.C. § 5861(d) in 2015. *United States v. Jimenez*, 191 F.Supp.3d 1038, 1039 (N.D. Cal. 2016). Defendant Jimenez filed a Motion to Dismiss the Indictment raising objections similar to those set out in Mr. Mason's Dismissal Motion. The Court granted a portion of Alejandro Jimenez's Motion to Dismiss on vagueness grounds as to the portion of the Indictment charging that an AR 15 blank constitutes a prohibited "frame or receiver." *Id.*, at 1044-46. United States District Judge James Donato issued a ruling sustaining a portion of Jimenez's vagueness challenge on June 6, 2016.

The government subsequently filed an appeal of Judge Donato's decision. (The Government's Notice of Appeal is attached to this Brief as Exhibit "A"). However, it later abandoned the appeal in short order. (The Ninth Circuit's Order of Mandate Following Dismissal of Appeal is attached to this Brief as Exhibit "B"). The *Jimenez* ruling and later abandonment of appeal occurred approximately one year before Mr. Mason filed his Dismissal Motion. The reasons for the government's abandonment of appeal, however, would not become public until later.

The government's failure to cite the *Jimenez* case in its Opposition Brief transformed into a glaring omission upon the release of additional information about its handling of the *Jimenez* ruling and appeal. Specifically, information later became public that then-Attorney General

DEFENDANT'S MOTION
TO WITHDRAW
GUILTY PLEA

Loretta Lynch sent a letter to then-Speaker of the House of Representatives Paul Ryan regarding the *Jimenez* decision.  (A copy of Attorney General Lynch's Letter, hereafter referred to as "the Lynch Letter," is attached to this Brief as Exhibit "C").  The Lynch Letter urged Congress and the ATF to take some administrative or regulatory action to address the unconstitutional vagueness issue as to AR 15 blanks.

There is no record of Congress or ATF taking any action in response to that letter.  In addition, there is no indication that either Jeff Sessions or William Barr, Loretta Lynch's successors as Attorney General, altered the Department of Justice's position regarding the vagueness issues.   Here, the government in its Opposition Brief simply ignored the significance of the *Jimenez* decision and the Lynch Letter.  Both Judge Donato's ruling and the Lynch Letter point out that application of Section 922 to AR 15 blanks poses an intractable problem that could not be solved absent additional regulatory or legislative action.

The government's failure to discuss *Jimenez* and the Lynch Letter in its Opposition Brief necessarily occurred for one of two reasons.  The first option is that it may not have known about the *Jimenez* decision, and the reason for the department abandoning the appeal as set forth in the Lynch Letter.  Knowledge can often be imputed to government actors on the rationale that the government as the party-opponent in a criminal case must speak with one voice.  *United States v. Kattar,* 840 F.2d 118, 127 (1st Cir. 1988) ("The Justice Department's various offices ordinarily should be treated as an entity, the left hand of which is presumed to know what the right hand is doing.")  That position has strength when discussing official acts by the Attorney General of the United States - the titular head of the Department of Justice.   The government may have filed its Opposition Brief and offered the settlement proposal embodied in the plea agreement to Mr.

DEFENDANT'S MOTION
TO WITHDRAW
GUILTY PLEA

Mason without knowing about the *Jimenez* decision and the Lynch Letter. In that event, the government may remedy the error by allowing Mr. Mason to withdraw his guilty plea now that it is aware of these matters.

The second alternative is that the government knew about the *Jimenez* decision and the Lynch Letter but elected to proceed without disclosing them to the Court and defense counsel. This alternative is far more problematic for the government. The remedy is nevertheless the same: Mr. Mason must be allowed to withdraw his guilty plea.

Rule 3.3(a)(2) of the Model Rules of Professional Responsibility provide that a lawyer shall not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel …"

Judge Donato's decision in *Jimenez* is not technically controlling on this Court. Rather, the logic is persuasive because it is the decision of another district court judge facing a similar issue in an adjoining district. However, the Lynch Letter is a different matter. It reveals the reason why the government did not seek appellate review. It is also reasonably construed as a concession that absent additional regulatory action application of Section 922 to AR 15 blanks is untenable. This is an important fact that should have been revealed before any change of plea in this case. Again, each hand of the Department of Justice should reasonably know what the other is doing. *Kattar*, 840 F.2d at 127.

The fact that the then-Attorney General set out a position supporting in part the constitutional vagueness challenge in Mr. Mason's Dismissal Motion was significant. That significance is compounded by the fact that the government's Opposition Brief to the Dismissal

DEFENDANT'S MOTION
TO WITHDRAW
GUILTY PLEA

Motion failed to disclose that the head of the Department of Justice expressed a view contrary to that asserted by the government in that same brief.  This is precisely the kind of conduct barred by Model Rule of Professional Responsibility 3.3(a)(2).  In the event of a direct disagreement between the Attorney General of the United States and an employee of the Department of Justice, the Attorney General's position as head of the Department prevails.

The Opposition Brief's failure to disclose the Lynch Letter's concession that *Jimenez* was correctly decided had a tremendous impact on Mr. Mason's approach to trial.  If the surreptitiously recorded conduct with ATF's confidential source at Mr. Mason's shop was not unlawful on April 25, 2013, it arguably is irrelevant and should have been excluded from evidence.  In other words, it did not constitute evidence of other crimes, wrongs, or misconduct within the express terms of Federal Rule of Evidence 404(b) (Evidence of Crimes, Wrongs, or Other Acts).  In addition, all cooperating witness testimony regarding milling or instruction as to the method for milling AR 15 blanks should arguably be excluded for the same reason.  The government's failure of candor, whether inadvertent or deliberate, deprived defense counsel of an important ground for moving to exclude such irrelevant evidence.  Even though prejudice is not required to support a motion to withdraw a guilty plea, the government's non-disclosure of the Lynch Letter prejudiced Mr. Mason. Specifically, it impeded his ability to challenge the admissibility of a significant amount of evidence to be offered by the government at trial.

    **b)  The *Roh* Ruling**

After Mr. Mason changed his plea in this case, a CNN news article by reporter Scott Glover revealed that Joseph Roh had proceeded to a bench trial in the Central District of California on a charge of violating Section 922(a)(1)(A).  (A Copy of Mr. Glover's Report,

DEFENDANT'S MOTION
TO WITHDRAW
GUILTY PLEA

published on October 12, 2019, is Attached to this Brief as Exhibit "D"). Judge James Selna provided the parties with a tentative ruling on a Rule 29 Motion. (A Copy of Judge Selna's Tentative Decision is Attached to this Brief as Exhibit "E"). The tentative decision granted in part a defense vagueness challenge to application of Section 922 to AR 15 blanks. Judge Selna's tentative ruling resulted in the government offering deferred entry of judgment to Mr. Roh – a remarkably unusual step given the fact that Judge Selna was prepared to find Mr. Roh guilty of at least that portion of the offense related to manufacturing completed AR 15s[4]. (A Copy of the Roh Plea Agreement is Attached to this Brief as Exhibit "F").

    **c)  The Richard Rowold and Steven Robison Ruling**

On February 7, 2020, CNN reporter Scott Glover prepared a follow-up article regarding legal developments related to application of Section 922 to AR 15 blanks. That piece revealed that a district judge in the Northern District of Ohio, Senior District Judge James Carr, entered a ruling sustaining a vagueness challenge to Section 922 prosecution for alleged false statements used to acquire AR 15 blanks. (A Copy of Judge Carr's Decision in the case involving defendants Richard Rowold and Steven Robison is attached to this Brief as Exhibit "G").

The government's track record in applying Section 922 to AR 15 blanks is consistent: it is now zero for three. The position urged by the government in its Opposition Brief to Mr.

---

[4] Offering post-trial diversion is an extraordinary step given the fact that, similar to the allegations in the aftermath of the grand jury's return of the Superseding Indictment in Mr. Mason's case, the charges against Mr. Roh included both allegations of manufacturing completed AR 15s, as well as the challenged conduct related to milling AR 15 blanks. The reasonable inference is that the government sought to avoid appellate review of Judge Selna's ruling. As with the Jimenez case, there appears to be a recognition by the government that it has a significant problem with its claim that Section 922 bans milling of AR 15 blanks.

DEFENDANT'S MOTION
TO WITHDRAW
GUILTY PLEA

Mason's Dismissal Motion has now been repudiated by three cases.  Moreover, the person who served as Attorney General (Loretta Lynch) during a significant portion of the pendency of this case recognized the insurmountable issue raised by arguments similar to those set out in Mr. Mason's Dismissal Motion.

      Here, the only recorded interaction between Mr. Mason and an ATF confidential source involved working on blanks, conduct that is not unlawful under the sound reasoning of *Jimenez*, *Roh*, and now *Rowold and Robison*.  Any other charged conduct as to Count One involves solely the testimony of cooperating witnesses.  This testimony is by its very nature suspect – a cooperating defendant has an inherent reason to give the government the testimony it wants.  The government's failure to reveal the adverse ruling in *Jimenez* and the Lynch Letter deprived Mr. Mason of the ability to argue that any recordings with the ATF confidential source should be excluded as irrelevant and unduly prejudicial.  Here, the government's failure to disclose worked demonstrable prejudice to Mr. Mason.  Far from signaling the merit of Mr. Mason's vagueness challenge, the government behaved in a manner suggesting it intended to continue vigorously pursuing charges against him.  It urged this position even though authority existed within the Department of Justice, in the form of the Lynch Letter, contradicting the very position it took in this case.

DEFENDANT'S MOTION
TO WITHDRAW
GUILTY PLEA

### III. CONCLUSION

For the foregoing reasons, Mr. Mason requests that this Court permit him to withdraw his guilty plea and proceed to jury trial.

Respectfully submitted,

DATED:  February 24, 2019

By ___*/s/ Todd D. Leras*___
      TODD D. LERAS
      Attorney for Defendant
      CRAIG MASON

DEFENDANT'S MOTION
TO WITHDRAW
GUILTY PLEA