LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, California 95814
(916) 504-3933
toddleras@gmail.com
Attorney for Defendant
CRAIG MASON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CRAIG MASON,<br><br>    Defendant. | Case No.: 2:16-cr-002 KJM<br><br>DEFENDANT CRAIG MASON'S SUPPLEMENT TO SENTENCING MEMORANDUM<br><br><br>Date:     December 6, 2021<br>Time:    9:00 a.m.<br>Court:   Hon. Kimberly J. Mueller |

    Defendant Craig Mason, by and through his undersigned counsel, provides this Supplement to his previously filed Sentencing Memorandum (ECF Entry 108).  Mr. Mason's original Sentencing Memorandum was filed on May 24, 2019, in anticipation of a Sentencing Hearing set for June 3, 2019.  Since that time, Mr. Mason unsuccessfully moved to withdraw his plea.  While that motion was litigated, Mr. Mason remained on release without incident.

SUPPLEMENT TO DEFENDANT'S
SENTENCING MEMORANDUM

This Supplement provides additional information, particularly as to developments occurring in the intervening period since the original Sentencing Memorandum, to assist the Court in making its sentencing decision in this case.

## I. SUPPLEMENTAL ANALYSIS UNDER 18 U.S.C. § 3553(a) FACTORS

**1. Nature and Circumstances of the Offense and History and Characteristics of the Defendant**

Mr. Mason continues to own and operate his own mini-motorcycle business – called Fast 50s. He also celebrated his fiftieth birthday earlier this year in September. He has reconciled with his two sons (ages 20 and 18). They both live and work with him now at his home and shop outside of Auburn, California.

Mr. Mason plans to relocate to Tennessee and live with his fiancée, LaRay Chambers, while on supervised release. His sons intend to follow him. Ms. Chambers has already moved to a small town outside Knoxville. Mr. Mason intends to operate his business from Tennessee in the future.

Attached to this Supplement as Exhibit A is a letter from Johnny Murphree of Gem County Motorsports. Mr. Murphree is a professional motorcycle racer. He has known Mr. Mason for about twenty years. Mr. Murphree describes Craig Mason as a hard worker who managed to keep his business afloat during the Great Recession. That theme of industry and innovation has been echoed by previous letters of support provided on behalf of Mr. Mason as part of his original Sentencing Memorandum.

Mr. Mason plans to continue working hard to provide for his family. He also intends to comply with any conditions the Court imposes. His track record abiding by court-imposed release conditions during the past five years suggests that doing so will not be difficult for him.

SUPPLEMENT TO DEFENDANT'S
SENTENCING MEMORANDUM

The charge in this case involves the manufacture of lower receivers for AR-15s. The charge itself, particularly how the illegal conduct is defined, has been the subject of litigation in Defendant's Motion to Dismiss and later his Motion to Withdraw Guilty Plea. For various procedural reasons, the substance of Mr. Mason's concerns about 18 U.S.C. § 922(a)(1)(A) have not been directly addressed. His concerns about the statute as applied to his conduct in this case are significant and remain so as he faces sentencing. The crux of Mr. Mason's complaint is that Section 922 and the regulations enforcing it did not adequately define what it means to manufacture certain firearms – particularly firearms such as the AR-15, the gun at issue in this case, which have both an upper and lower receiver.

Attached as Exhibit B to this Sentencing Memorandum is a proposed rule change applicable to enforcement of Section 922(a)(1)(A) by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). The Attorney General proposed the rule change, entitled Rule 2021 R-5, on May 7, 2021. The proposed rule is available on ATF's website at www.atf.gov/rules-and-regulations/definition-frame-or-receiver. It has not yet been adopted.

The Federal Register materials note, at page 27727, that "ATF proposes to replace the respective regulatory definitions of "frame or receiver" because they too narrowly limit the definition of receiver with respect to most current firearms. This is precisely the issue that Mr. Mason sought to address in his Dismissal Motion and his Motion to Withdraw Guilty Plea. The issue is neither frivolous nor raised for the purpose of delay or obstruction. Resolution of any ambiguity in the previous regulation, possibly made moot by the proposed rule change, serves an important public interest – defining precisely what conduct is prohibited by Section 922(a)(1)(A).

SUPPLEMENT TO DEFENDANT'S
SENTENCING MEMORANDUM

Mr. Mason has not engaged in any conduct related to gun manufacture or sales since ATF revealed its interest in his activities by executing a search warrant at his home and shop more than eight years ago in October 2013.  He thereafter revealed himself to be a law-abiding citizen who has complied with all court-ordered release requirements.  He will continue to do so under any reasonable conditions of probation or supervised release.  Given the genuine concerns regarding application of Section 922(a)(1)(A) raised in Mr. Mason's case, concerns which the Attorney General and ATF appear to be addressing through proposed rule changes, there is no reason to impose a term of incarceration in this case.

Mr. Mason does not exhibit the history and characteristics of a person who refuses to comply with the law.  In fact, he immediately and permanently altered his behavior following revelation of ATF's investigation into his activities.  Mr. Mason's adherence to his release conditions after being formally accused here serves as additional evidence of his intent to conform to the law's requirements.  In short, Mr. Mason has demonstrated that he is the type of person who seeks to comply with the law's demands.

**2. The Need for the Sentence Imposed to: (1) Reflect the Seriousness of the Offense; (2) Afford Adequate Deterrence to Criminal Conduct; (3) To Protect the Public from Further Crimes of the Defendant; (4) To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

The proposed rule change in Rule 2021 R-5 is a tacit admission that there was no clear proscription to the conduct at issue in this case.  The seriousness of unlawful conduct requires, at a minimum, that the rules prohibiting it be clear and unambiguous.  Deterrence similarly requires that the rules be crystal clear.  Citizens must know precisely what the law forbids.  The Attorney General's proposal in Rule 2021 R-5 acknowledges that there is a genuine concern about the

SUPPLEMENT TO DEFENDANT'S
SENTENCING MEMORANDUM

existing regulations.  ATF may blithely dismiss rulings to the contrary by other federal district court judges as "erroneous," but Mr. Mason's previously articulated objections and concerns are valid and substantial.  His objections found support in both the *Jimenez* and *Roh* cases that he cited in support of his Motion to Withdraw Plea.

Simply put, imprisonment of Mr. Mason does not serve as deterrent for a soon-to-be obsolete regulatory interpretation.  Imprisonment of Mr. Mason will provide no further protection to the public.  Mr. Mason has not engaged in unlawful conduct since he learned that ATF had interest in his activities.  He has fully complied with the law (since 2013) and his conditions of release (since December 11, 2015).  Facing arrest, conviction, and now potential punishment has already accomplished the primary goal of any sentencing – ensuring Mr. Mason's future lawful behavior.

**II.     CONCLUSION**

Craig Mason appears before the Court as a 50-year-old man facing sentencing for his first felony conviction.  He has no history of significant incarceration.   He continues to request that the Court impose a one-year sentence to be served on home confinement.  In the event a term of incarceration is imposed, he requests a self-surrender date.  He further requests that he be housed at a facility near his family in Northern California, or, in the alternative, at a facility near his fiancée in Eastern Tennessee.

Respectfully submitted,

DATED:  November 29, 2021                              By    */s/ Todd D. Leras*
                                                                              TODD D. LERAS
                                                                              Attorney for Defendant
                                                                              CRAIG MASON

SUPPLEMENT TO DEFENDANT'S
SENTENCING MEMORANDUM