UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States, | No. 2:16-CR-00002 KJM |
| Plaintiff, | ORDER |
| v. | |
| Craig Mason, | |
| Defendant. | |

Defendant Craig Mason moves under 18 U.S.C. § 3143(b) to be released on bail until the conclusion of his pending appeal. As explained further below, Mason has not raised a "fairly debatable" issue on appeal, as required by 18 U.S.C. § 3143(b), so **the court denies the motion**.

I.  **BACKGROUND**

In January 2016, the government indicted Mason on a charge of unlawful manufacturing and dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A) and a charge of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). Indictment, ECF No. 11. Mason moved to dismiss the firearms charge, arguing § 922(a)(1)(A) is unconstitutionally vague and a violation of the Constitution's ex post facto clause as applied to him. Mot. to Dismiss at 6–7, 10–11, ECF No. 52. The court denied the motion without prejudice. *See* Mins., ECF No. 59; Prev. Order (Nov. 30, 2017) at 3–4, ECF No. 60. A grand jury later returned a superseding indictment, which

/////

1  included the original charges but expanded the period of the criminal activity and added forfeiture
2  allegations.  ECF No. 62.

3  Mason eventually pleaded guilty to the firearms charge.  Plea Agreement, ECF 100;
4  Change of Plea Hr'g Tr., ECF 137.  As part of his plea agreement, Mason waived his "right to
5  appeal the guilty plea" and to challenge "any aspect of his guilty plea, his conviction, or his
6  sentence."  Plea Agreement at 7–8.

7  Before sentencing, Mason moved to withdraw his guilty plea.  Mot. Withdraw, ECF 130.
8  He argued the government had not disclosed two items that would have changed his litigation
9  strategy, including his decision to plead guilty.  The first was the district court's decision in
10 *United States v. Jimenez*, 191 F. Supp. 3d 1038 (N.D. Cal. 2016).  The second was a 2016 letter
11 by then-Attorney General Loretta Lynch to then-Speaker of the House of Representatives Paul
12 Ryan discussing the *Jimenez* case.  *See* Mot. Withdraw at 6–9.  The court denied the motion
13 because Mason "ha[d] not carried his burden to show that a 'fair and just reason' exist[ed] for
14 withdrawing his plea."  Prev. Order (Sept. 13, 2021) at 5, ECF 147.  The court sentenced Mason
15 to 24 months' incarceration.  J. & Commitment, ECF 164.  The court ordered Mason to self-
16 surrender on March 17, 2022.  Prev. Order (March 3, 2020), ECF No. 181.

17 Mason appealed this court's denial of his motions to dismiss and withdraw his guilty plea,
18 and his judgment and sentence.  *See* Not. of Appeal, ECF No. 163.  Mason now moves to be
19 released on bail pending appeal.  Mot. at 1-2, ECF No. 174.  Alternatively, he seeks release
20 because the COVID-19 pandemic and his history of recent strokes put him at risk of severe
21 disease if confined.  *Id.* at 2, 13.  The government opposes.  Opp'n, ECF No. 176.  Mason did not
22 reply.  The court submitted the matter without a hearing.

23 **II.    LEGAL STANDARD**

24 Under 18 U.S.C. § 3143(b), a defendant found guilty of an offense and sentenced to a
25 term of imprisonment must be detained during the pendency of an appeal unless the defendant
26 meets three requirements.  First, the defendant must show he "is not likely to flee or pose a
27 danger to the safety of any other person or the community if released."  Second, the appeal must
28 "not [be] for the purpose of delay."  Lastly, the appeal must "raise[ ] a substantial question of law

or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iii) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(A)–(B).

The defendant bears the burden of showing he has raised a "substantial question of law or fact" under § 3143. *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990). "A 'substantial question' is one that is 'fairly debatable,' or 'fairly doubtful.'" *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations omitted). The question must be "one of more substance than would be necessary to a finding that it was not frivolous." *Id*. (citation omitted). "The second part of the requirement—that the question be likely to result in reversal, a new trial, a non-prison sentence, or a sentence reduced to less than the time that would be served by the end of the appeal process—concerns only the type of question that meets the requirement; it does not involve assessing the likelihood that a reversal will occur in the particular case." *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 (9th Cir. 2003) (citing *Handy* 761 F.2d at 1280).

### III. ANALYSIS

The government does not contend Mason is a flight risk or danger to the community; he is not. *See* Mot. at 11; Mins. for Initial Appearance, ECF No. 3. It is also undisputed that the appeal presents the type of question that could result in reversal or a reduced sentence. The court need only decide whether Mason's appeal presents a "substantial question."

As an initial matter, the government argues Mason could not prevail on appeal because he knowingly and voluntarily waived his right to appeal. Opp'n at 4 (citing *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000)). The court agrees. An enforceable appellate waiver prevents Mason from showing his appeal presents a "substantial question" under § 3143. *See, e.g.*, *United States v. Hecht Rojas*, No. 17-16, 2018 WL 3655669, at *3 (E.D. Cal. July 31, 2018); *United States v. Guntipally*, No. 16-189-1, 2018 WL 646671, at *1–2 (N.D. Cal. Jan. 30, 2018). The record does not support the conclusion that Mason's decision was not knowing and voluntary. *See Davies v. Benov*, 856 F.3d 1243, 1246–47 (9th Cir. 2017). Moreover, to the extent an attorney's having not "conduct[ed] an adequate pretrial investigation" rested on errors "prior to or

in preparation for execution of the [plea] agreement," any such claims also are "subject to waiver." *United States v. Malauulu*, No. 15-124, 2020 WL 3642611, at *3 (E.D. Cal. July 6, 2020).

The court would reach the same conclusion regarding bail even if Mason had not waived his right to an appeal.  He argues his appeal "raises novel issues" because the government "knew of information that would affect Mr. Mason's decision to enter into [a] contract"—that is, the plea agreement—and "knew that Mr. Mason did not know that information at the time and . . . entered into an agreement with him in spite of that." Mot. at 12.  There is nothing before the court to suggest the district court's decision in *Jiminez* and the Lynch Letter were less accessible to Mason than the government.  He cites no case in which a court has found a similar claim meets the standard of § 3143(b)(1).  The court is aware of none.  Case law seems instead to weigh against his position.  New nonbinding authority is not "a change in the law" that might warrant withdrawal of a plea agreement.  *See United States v. Ensminger*, 567 F.3d 587, 592 (9th Cir. 2009).  The government's nondisclosure of public information is not a fairly debatable issue under § 3143(b)(1).

Finally, the court denies Mason's motion to the extent he rests on dangers related to the COVID-19 pandemic.  The COVID-19 pandemic "does not have any bearing on the court's determination here that defendant fails to meet the threshold requirements under § 3143(b)(1)(A) and (B)." *United States v. Gutierrez-Gomez*, No. 2:19-6, 2020 WL 2556942, at *4 (E.D. Cal. May 20, 2020).

### IV.  CONCLUSION

The motion for bail review pending appeal (ECF No. 174) is **denied**.

IT IS SO ORDERED.

DATED: March 14, 2022.

CHIEF UNITED STATES DISTRICT JUDGE